NO. WR-83,109-01

EX parte       X      IN THE

                X

Robert Farren York    X    COURT OF CRIMINAL

Applicant            X        APPEALS

                X   STATE OF TEXAS

**RECEIVED IN
COURT OF CRIMINAL APPEALS**

SEP 16 2015

Abel Acosta, Clerk

To the Clerk of Said Court:

    IN the matter OF EX parte Robert Farren York, said Defendant, would ask the Court Clerk, to please file the documents to the proper Courts in Cause NO. 12483-A-1. The C.C.A. NO. WR-83,109-01, I HAVE never filed any papers in court and would ask that the Defendant be notified of the Documents upon reciept of the Court.

    Thank You! Enclosed are two copies.

                  Respectfully,

Date: Sept. 11TH, 2015.

              Robert Farren York

              Robert Farren York

              TDCJ-ID # 01770274

              Huntsville Unit

              815 12TH ST.

              Huntsville, TX.

                77348

NO. WR-83,109-01

               X

EX PARTE        X    IN THE

               X   COURT OF CRIMINAL APPEALS

ROBERT FARREN YORK   X    STATE OF TEXAS

APPLICANT         X

MOTION FOR PERMISSIN TO FILE A CASE SUMMARY SHEET AND A D.N.A. REPORT IN CAUSE NO. 12,483-A

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROBERT FARREN YORK, APPLICANT IN THE ABOVE STYLED AND NUMBERED CAUSE, AND RESPECTFULLY MOVES THE COURT FOR AN ORDER GRANTING THIS MOTION IN SUPPORT THEREOF, APPLICANT WOULD SHOW UNTO THE COURT AS FOLLOWS:

1.

THE CASE SUMMARY SHEET IN CAUSE NO. 12483-A, WOULD SHOW THAT DEFENDANT'S ATTORNEY, BOBBY REED, NEVER FILED NOT ONE MOTION OR OBJECTED TO NOT ONE THING DURING THE APPROXIMATELY 356 DAYS DEFENDANT WAS OUT ON BAIL. ALSO, DEFENDANT'S ATTORNEY, BOBBY REED, COULD HAVE POSSIBLY ASKED FOR A BETTER

1.

DEAL THAN DEFENDANT EVER GOT AND COULD HAVE POSSIBLY GONE TO TRIAL AND HAD A CHANCE OF GETTING THE POSSIBILITY OF AN AQUITALL OR A BETTER SENTENCE UNDER THE POSSIBILITY OF NO EVIDENCE OR FAULTY TESTIMONY OF THE STATE'S MAIN WITNESS OR COMPLAINANT. THIS CASE SUMMARY WOULD SHOW THE COURT THAT DEFENDANT'S ATTORNEY, BOBBY REED, WAS TOTALLY INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT FILING ANYTHING ON DEFENDANT'S BEHALF.

2.

THE D.N.A. REPORT WOULD ALSO STATE THAT THE DEFENDANT IS THE ALLEGED FATHER OF SAID CHILD. THERE ARE A LOT OF DIFFERENT DEFINITIONS OF THE WORD ALLEGED. SOME WOULD SAY, ACCUSED, BUT NOT PROVEN. SOME WOULD SAY THAT WOULD BE QUESTIONABLE AS TO WHO THE FATHER IS. DEFENDANT ASKED TO SEE A D.N.A. REPORT ON SEVERAL OCCASIONS AND WAS NEVER SHOWN ANY UNTIL SOME 3½ YEARS AND WRITING TO ATTORNEY TO RECIEVE CLIENT-ATTONEY FILE AND TELLING DEFENDANT'S ATTORNEY, BOBBY REED, THAT DEFENDANT WOULD GET THE CLIENT-ATTORNEY ASSISTANCE PROGRAM INVOLVED.

2.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, applicant prays that the court will issue an order to allow Motion For Permission to File a Case Summary Sheet and a D.N.A. Report in Cause No. 12483-A to show the court that Defendant's Attorney was ineffective for not filing any motion on Defendant's behalf. Also, for any such relief that may be granted.

Executed on this the 11TH day of September, 2015.

Respectfully Submitted

_Robert Farren York_
Robert Farren York
Applicant in Pro se
TDCJ-ID No. 01770274
Huntsville Unit
815 12TH ST.
Huntsville, TX. 77348

3.

## INMATE'S DECLARATION

I, ROBERT FARREN YORK, BEING PRESENTLY INCARCERATED IN THE TEXAS DEPARTMENT OF CORRECTIONS, HUNTSVILLE UNIT, LOCATED IN WALKER COUNTY, IN THE STATE OF TEXAS, DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON THE 11TH DAY OF SEPTEMBER, 2015.

| State of Texas vs. Robert York | § | Location: | 77th District Court |
|---|---|---|---|
| | § | Judicial Officer: | Simmons, Patrick H. |
| | § | Filed on: | 03/23/2011 |
| | § | | |

---

## CASE INFORMATION

| Offense | Deg | Date | Case Type: **Adult Felony** |
|---|---|---|---|

Jurisdiction: **Limestone**

1. PROH SEXUAL CONDUCT     F3         02/14/2006
   TRN: 9112914207   TRS: A001   ACN: 00506-2011
       Arrest:    04/11/2011

**Statistical Closures**
01/03/2012     Convictions - Guilty Plea or Nolo Contendere

**Warrants**
Capias - York, Robert Farren (Judicial Officer: Evans, Deborah Oakes )
| 04/12/2011 | 6:56 AM | Served By Arrest |
| 04/07/2011 | 3:46 PM | New/Active Warrant |
| 04/07/2011 | 3:43 PM | Issued |

Fine: $0         Bond: $10000
Notes:          04/13/2011     wrnt ret to dc office

**Bonds**
Surety Bond    #00332-11    $10,000.00
4/11/2011       Posted
Counts: 1

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| Case Number | 12483-A |
|---|---|
| Court | 77th District Court |
| Date Assigned | 03/23/2011 |
| Judicial Officer | Simmons, Patrick H. |

---

## PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **State** | **State of Texas** | **Defriend, Roy** |
| | | 254-729-3046(W) |
| **Defendant** | York, Robert Farren | **Bobby Reed** |
| | | *Retained* |
| | | 254-729-2720(W) |
| **Bondsman** | **Reed, Bobby** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 03/23/2011 | Indictment (OCA)<br>*With conditions of bond* | |
| 04/07/2011 | Capias Issued<br>*Bond set @ $10,000 by Judge Evans* | |
| 04/07/2011 | Notice<br>*Notice on Arraignment set 04/19/11* | |

| | |
|---|---|
| 04/13/2011 | 🔍 Bond |
| 04/19/2011 | **Arraignment Hearing** (9:00 AM) (Judicial Officer: Simmons, Patrick H.) |
| 04/19/2011 | 🔍 Notice<br>*Pre Trial 6/1/11, Status 7/14/11, Trial 8/8/11* |
| 04/19/2011 | 🔍 Capias Returned |
| 06/01/2011 | **Pre-Trial Hearing** (9:00 AM) |
| 06/01/2011 | 🔍 Discovery Order |
| 07/14/2011 | **Status Hearing** (9:00 AM) (Judicial Officer: Simmons, Patrick H.) |
| 08/08/2011 | **Jury Trial** (9:00 AM) (Judicial Officer: Simmons, Patrick H.) |
| 08/08/2011 | 🔍 Notice<br>*trial 9/12/11* |
| 09/12/2011 | **Jury Trial** (9:00 AM) (Judicial Officer: Simmons, Patrick H.) |
| 09/12/2011 | 🔍 Notice Of Hearing<br>*Trial set 11/14/11* |
| 11/04/2011 | 🔍 Motion For Continuance<br>*filed by atty Bobby Reed* |
| 11/04/2011 | 🔍 Order.<br>*Order Granting Motion for Countinuance and reset trial to 01/09/12* |
| 01/03/2012 | **Plea Hearing** (9:00 AM) (Judicial Officer: Simmons, Patrick H.)<br>*1:30 P.M.* |
| 01/03/2012 | **Plea Hearing** (9:00 AM) (Judicial Officer: Simmons, Patrick H.)<br>*1:30 P.M.* |
| 01/03/2012 | 🔍 Waiver Of Jury Trial<br>*Stipulation of Evidence and Judicial Confession Felony Plea of Guilty* |
| 01/03/2012 | 🔍 Other (Specify in Comments)<br>*Disclosure of Plea Recommendation* |
| 01/03/2012 | 🔍 Other (Specify in Comments)<br>*Admonishments and Acknowledgments Sex Offender Registration* |
| 01/03/2012 | 🔍 Trial Court's Certification Of Defendant's Right To Appeal (Judicial Officer: Simmons, Patrick H. ) |
| 01/03/2012 | 🔍 Waiver of Appeal (Judicial Officer: Simmons, Patrick H. ) |
| 01/03/2012 | 🔍 Judgment of Conviction by Court - Waiver of Jury Trial (Judicial Officer: Simmons, Patrick H. ) |

*Printed on 07/15/2013 at 4:02 PM*

| | |
|---|---|
| 01/03/2012 | **Plea** (Judicial Officer: Simmons, Patrick H.)<br>1. PROH SEXUAL CONDUCT<br>Guilty |
| 01/03/2012 | **Disposition** (Judicial Officer: Simmons, Patrick H.)<br>1. PROH SEXUAL CONDUCT<br>Convicted |
| 01/03/2012 | **Sentence** (Judicial Officer: Simmons, Patrick H.)<br>1. PROH SEXUAL CONDUCT<br>Sentenced - Prison<br>Confinement to Commence 01/04/2012<br>10 Years , Texas Dept Corrections, Department of Corrections<br>Jail Credit 1 Days<br>No court cost and no fine |
| 01/09/2012 | *CANCELED* **Jury Trial** (9:00 AM) **(Judicial Officer: Simmons, Patrick H.)**<br>*Other*<br>*Reset to 01/03/12 at 1:30 P.M. for plea* |
| 06/24/2013 | Motion<br>*Letter/ Motion to Obtain Documents and Trial Records in Forma Pauperis- filed by defendant* |
| 06/24/2013 | Letter<br>*Letter to defendant enclosing requested documents that were available from the courts file* |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Defendant** York, Robert Farren
Registry Balance as of 7/15/2013                                                      **0.00**

NO. WR-83,109-01

| | X | |
EX PARTE | X | IN THE
| X | COURT OF CRIMINAL APPEALS
ROBERT FARREN YORK | X | STATE OF TEXAS
APPLICANT | X |

MOTION FOR PERMISSION TO FILE A CASE
SUMMARY SHEET AND A D.N.A REPORT IN
CAUSE NO. 12,483-A

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROBERT FARREN YORK, APPLICANT IN THE ABOVE STYLED AND NUMBERED CAUSE, AND RESPECTFULLY MOVES THE COURT FOR AN ORDER GRANTING THIS MOTION IN SUPPORT THEREOF, APPLICANT WOULD SHOW UNTO THE COURT AS FOLLOWS:

1.

THE CASE SUMMARY SHEET IN CAUSE NO. 12,483-A, WOULD SHOW THAT DEFENDANT'S ATTORNEY, BOBBY REED, NEVER FILED NOT ONE MOTION OR OB-JECTED TO NOT ONE THING DURING THE APP-ROXIMATELY 356 DAY'S DEFENDANT WAS OUT ON BAIL. ALSO, DEFENDANT'S ATTORNEY, BOBBY REED, COULD HAVE POSSIBLY ASKED

1.

FOR A BETTER DEAL THAN DEFENDANT EVER GOT AND COULD HAVE POSSIBLY GONE TO TRIAL AND HAD A CHANCE OF GETTING THE POSSIBILITY OF AN AQUITALL OR A BETTER SENTENCE UNDER THE POSSIBILITY OF NO EVIDENCE OR FAULTY TESTIMONY OF THE STATE'S MAIN WITNESS OR COMPLAINTANT. THIS CASE SUMMARY WOULD SHOW THE COURT THAT DEFENDANT'S ATTORNEY, BOBBY REED, WAS TOTALLY INEFFECTIVE ASSISTANCE OF COUNSEL FOR NOT FILING ANYTHING ON DEFENDANTS BEHALF.

2.

THE D.N.A. REPORT WOULD ALSO STATE THAT THE DEFENDANT IS THE ALLEGED FATHER OF SAID CHILD. THERE ARE A LOT OF DIFFERENT DEFINITIONS OF THE WORD ALLEGED. SOME WOULD SAY, ACCUSED, BUT NOT PROVEN. SOME WOULD SAY THAT WOULD BE QUESTIONABLE AS TO WHO THE FATHER IS. DEFENDANT ASKED TO SEE A D.N.A. REPORT ON SEVERAL OCCASIONS AND WAS NEVER SHOWN ANY UNTIL SOME 3½ YEARS, AND WRITING TO ATTORNEY TO RECIEVE CLIENT-ATTORNEY FILE AND TELLING DEFENDANT'S ATTORNEY, BOBBY REED, THAT DEFENDANT WOULD GET THE CLIENT-ATTORNEY ASSISTANCE PROGRAM INVOLVED.

2.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, applicant prays that the court will issue an order to allow Motion for Permission to file a case Summary sheet and a D.N.A. Report in cause No. 12483-A to show the court that Defendant's attorney was ineffective for not filing any motion on Defendant's behalf. Also, for any such relief that may be granted.

Executed on this the 11TH day of September, 2015.

Respectfully submitted

Robert Farren York

Robert Farren York
Applicant in Pro Se
TDCJ-ID No. 01770274
Huntsville Unit
815 12TH St.
Huntsville, TX 77348

3.

## INMATE'S DECLARATION

I, ROBERT FARREN YORK, BEING PRESENTLY INCARCERATED IN THE TEXAS DEPARTMENT OF CORRECTIONS, HUNTSVILLE UNIT, LOCATED IN, WALKER COUNTY, IN THE STATE OF TEXAS, DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON THE 11TH DAY OF SEPTEMBER, 2015.



UNIVERSITY of NORTH TEXAS
HEALTH SCIENCE CENTER at Fort Worth
★
Education, Research,
Patient Care and Service

February 25, 2011

Accession Number: 11-0180
Agency Case Number: C10-02-0596

To the Attention of:
Roy Defriend
Limestone County District Attorney's Office
200 West State Suite 110
Groesbeck, Texas 76642

## FORENSIC DNA REPORT

### ITEMS RECEIVED:

Received from FedEx (#843215526382) on January 27, 2011:

**11-0180.1** Envelope labeled "Dakota York B1" containing swab box containing swab packet containing one swab

**11-0180.2** Envelope labeled "Cassandra Monthey B2" containing swab box containing swab packet containing one swab

**11-0180.3** Envelope labeled "Robert York B3" containing swab box containing swab packet containing one swab

### RESULTS:

Human DNA extracted from items **11-0180.1**, **11-0180.2** and **11-0180.3** was analyzed for fifteen (15) genetic loci using the Applied Biosystems AmpFℓSTR Identifiler system. The results from this testing are detailed in the following table.

Texas College of Osteopathic Medicine • Graduate School of Biomedical Sciences • School of Public Health • School of Health Professions • Health Institutes of Texas • UNT Health
3500 Camp Bowie Boulevard, Fort Worth, Texas 76107-2699 • 817-735-2000

| Reference Item | Locus | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | D8S1179 | D21S11 | D7S820 | CSF1PO | D3S1358 | TH01 | D13S317 | D16S539 |
| 11-0180.2 Cassandra Monthey | 13,15 | 28,30 | 9,10 | 11,13 | 15,17 | 7,7 | 8,12 | 12,12 |
| 11-0180.1 Dakota York | 13,14 | 28,30 | 9,10 | 10,11 | 15,17 | 7,9.3 | 8,12 | 11,12 |
| 11-0180.3 Robert York | 13,14 | 28,30 | 8,9 | 10,12 | 15,15 | 9.3,9.3 | 8,12 | 11,11 |

| Reference Item | Locus | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | D2S1338 | D19S433 | vWA | TPOX | D18S51 | D5S818 | FGA | Amel |
| 11-0180.2 Cassandra Monthey | 24,25 | 14,15 | 16,18 | 8,9 | 12,18 | 11,12 | 21,21 | X,X |
| 11-0180.1 Dakota York | 20,24 | 14,14 | 15,18 | 9,9 | 18,18 | 12,12 | 21,21 | X,Y |
| 11-0180.3 Robert York | 19,20 | 14,14.2 | 15,18 | 8,9 | 14,18 | 12,12 | 21,23 | X,Y |

## CONCLUSIONS:

*Accused, But not Proven*

The alleged father, **Robert York,** represented by item **11-0180.3**, **cannot be excluded** as the biological father of the child, **Dakota York**, represented by item **11-0180.1**.

Based on the DNA analysis conducted, at least **99.9998%** of the male population is excluded from the possibility of being the biological father of the child, **Dakota York**.

The observed genetic results are **3,484,000** times more likely under the scenario that **Robert York** is the true biological father of the child **Dakota York** than if the father is an untested, unrelated random man from the Caucasian population.

The probability of paternity is **99.99997%** (Prior Probability of **0.50**) as compared to an untested, randomly chosen person of the Caucasian population.

The observed genetic results are **4,685,000** times more likely under the scenario that **Robert York** is the true biological father of the child **Dakota York** than if the father is an untested, unrelated random man from the African American population.

The probability of paternity is **99.99997%** (Prior Probability of **0.50**) as compared to an untested, randomly chosen person of the African American population.

The observed genetic results are **82,020,000** times more likely under the scenario that **Robert York** is the true biological father of the child **Dakota York** than if the father is an untested, unrelated random man from the Southwestern Hispanic population.

The probability of paternity is **99.999998%** (Prior Probability of **0.50**) as compared to an untested, randomly chosen person of the Southwestern Hispanic population.

Statistical calculations are based on allele frequency data for the relevant populations as presented in Budowle B, Moretti TR, Baumstark AL, Defenbaugh DA, Keys KM. Population Data on the Thirteen CODIS Core Short Tandem Repeat Loci in African Americans, U.S. Caucasians, Hispanics, Bahamians, Jamaicans, and Trinidadians. J Forensic Sci 1999;44(6):1277-1286. Allele frequency data for D2S1338 and D19S433 was obtained from Budowle B, Collins PJ, Dimsoski P, Ganong CK et al. Population Data on the STR Loci D2S1338 and D19S433. FSC 2001;3(3).

The data obtained for this case will be submitted to the Texas Department of Public Safety for review and possible entry into CODIS.

All evidence will be returned to the submitting agency unless otherwise instructed.

In the event that you have any further questions, please feel free to contact the laboratory at (817) 735-2143.

The above is the opinion of the undersigned, and this report shall not be reproduced without written or verbal permission.

Sincerely,

Rachel Sutton
Forensic Analyst
UNT Center for Human Identification

Farah Plopper
Forensic Analyst/Technical Reviewer
UNT Center for Human Identification

End of Report

CAUSE NO. 12483-A-1
CCA CASE NO. WR-83,109-01

| | X | |
|---|---|---|
| EX PARTE | X | IN THE |
| | X | COURT OF CRIMINAL APPEALS |
| ROBERT FARREN YORK | X | |
| APPLICANT | X | STATE OF TEXAS |

## DEFENDANT'S ANSWER TO ALL
## FINDINGS OF FACTS AND CONCLUSIONS
## OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ROBERT FARREN YORK, APPLICANT IN THE ABOVE STYLED AND NUMBERED CAUSE, AND RESPECTFULLY MOVES THE COURT FOR AN ORDER GRANTING MOTION FOR DEFENDANT'S WRIT OF HABEUS CORPUS IN SUPPORT THEREOF, WOULD SHOW COURT AS FOLLOWS:

1.

This said case is about defendant's, attorney Bobby Reed's, ineffective assistance of counsel for failure to seek dismissal of the indictment premised on the state's failure to commence prosecution within the time frame prescribed by law. THE CODE OF CRIMINAL PROCEDURE, ARTICLE 12.01 (7), which provides, "three years from the date of commission of the offense."

1.

ALL OTHER FELONIES." Applicant was charged with committing the third (3RD) degree Felony offense of PROHIBITED SEXUAL CONDUCT in Violation of Section 25.02, of THE TEXAS PENAL CODE, of which is governed by ARTICLE 12.01(7), of the Code of Criminal Procedure.

2.

Defendant, Was out on bail for approximately 356 days. If DEFENDANT'S ATTORNEY, BOBBY REED, had filed any Kind of motion on defendant's behalf, or objected to any evidence, or contacted any defense witness's or questioned any State's witness's, or Complainant's testimony, Said Defendant might Have gotten an acquitall at trial or a way better deal than defendant got. Defendant plead guilty, because of attorney he had (Bobby Reed) told Defendant to, because he was not prepared to go to trial sitting in the Jury deliberation room across the Hall from court room. Defendant was also told by his ATTORNEY, BOBBY Reed, that he could not be on the witness stand nor could he have any witnesses on the stand. ALL of Which is a Violation of Defendants Constitutional rights under U.S. Constitution, and the TEXAS Constitution. THIS is a

2.

Violation of a defendant's right guaranteed by way of the SIXTH AND FOURTEENTH Amendments of the U.S. Constitution. ALSO, "Why did the attorney for the defendant not answer the ineffective assistance of counsel accusations in his on behalf. And where is his affidavit to defendant's accusations."

3.

EASLEY V. State, might have been mistated in this particular case, but it is the same in this case. IT is about trial counsel's failure to ~~drums~~ Seek dismissal of the indictment by way of a Pre-trial motion. ALSO, in Exparte, ERIC MICHEAL HEILMAN, This particular case is about tampering with a Governmental Record. It does argue Statute of Limitations and Ex post facto Clause. "Only the legislature can violate either the United States or Texas Ex Post Facto Clause, because, both are directed at the legislature, and not the courts. Defendant's case, is about the Case of STRICKLAND V. Washington, (1984).

Defendant never had a chance to even be recognized in court due to the erronious advice of his counsel. ON January 3rd, 2012, Defendant did plead guilty to Prohibited Sexual Conduct which is a felony of the third degree and was

3.

Sentenced to a term of ten (10) years in the TEXAS Department of JUSTICE. And yes, this was a plea bargain that was agreed to on the assumption that the Defendant would do Ten (10) To Twelve (12) years in prison and would be released and could still be able to live a somewhat decent life if he would take the deal on the ill advice of his ineffective assistance of Counsel Bobby Reed.

## 4.

IN the case of the D.N.A. State's Attorney has brought up, there should have been an indepth, or Mido-Chondrial D.NA. Done to make sure the defendant is the True biological father of said child. Instead the D.N.A. reads the defendant is the ALLEGED FATHER of Child. THE Word ALLEGED - by definition has multipule meanings of which, one is - Accused, But not proven. There is also, the word - Questionable. Furthermore an indepth or Midochondrial D.N.A. needs to be done to determine the true results.

4.

# CERTIFICATE OF SERVICE

I, ROBERT FARREN YORK, do hereby Declare that on the date indicated below, a true and correct copy of the foregoing instrument was sent to the Limestone County, District Attorney's office, and the TEXAS COURT OF CRIMINAL APPEALS, By First Class U.S. Mail, Postage prepaid.

DATE: September 11th, 2015

Robert Farren York
Robert Farren York
TDCJ-ID # 01770274
Huntsville Unit
815 12th Street
Huntsville, TX.
77348